UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEIL C. WILHELMUS,

    Plaintiff,

        v.                                        Civil Action No. 09-662 (JEB)

PETE GEREN,

    Defendant.

## MEMORANDUM OPINION

Plaintiff Neil Wilhelmus was a cadet at the United States Military Academy. He struggled throughout his time there with the mandatory Cadet Physical Fitness Test and was eventually disenrolled because of his repeated failures on this test. After being separated from the Academy, the Army determined that he owed the government $137,630 for failing to fulfill his contractual obligations. He appealed to the Army Board for the Correction of Military Records (ABCMR), which upheld the Army's decision. He now turns to this Court. Because the ABCMR did not adequately consider its precedents, the Court will remand the matter.

**I.    Background**

On June 30, 1997, Plaintiff entered the Academy and signed an oath of allegiance and a cadet contract. Mot. at 2; Compl., ¶ 12. This contract read, in relevant part: "[I]f I voluntarily fail . . . to complete the period of active duty specified [above], I will reimburse the United States in an amount that bears the same ratio to the total cost of advanced education provided me as the unserved portion of active duty bears to the total period of active duty I have agreed to serve."

Agreement to Serve, ¶ IIf, quoted in ABCMR Record at 9. Not a natural athlete, Plaintiff struggled with the mandatory Cadet Physical Fitness Test (CPFT) while at the Academy and was placed on the list of cadets who had repeatedly failed the CPFT by the fall of his sophomore year. Compl., ¶ 15. He failed the running portion of the CPFT on three occasions between December 1998 and May 1999, as well as the sit-up portion of the last test. ABCMR Record at 10-11. In April 1999, his scheduled attendance at the Airborne School was canceled because of his inability to pass the CPFT, and he was advised that he would be recommended for separation if he did not pass the next test. Compl., ¶¶ 16-17. In response, Plaintiff wrote to his superiors to explain the reasons for his failures, citing several injuries, and to request additional time to pass the CPFT. ABCMR Record at 11-12. He was given a physical examination at the Academy on June 22, 1999, and found to be in "excellent health/condition and fit for duty." Id. at 12. The Army then initiated separation paperwork on June 24, 1999, to disenroll Plaintiff from the Academy. Compl., ¶ 19

This separation was halted when Plaintiff passed the CPFT in August 1999. Id., ¶ 22. On February 22, 2000, Plaintiff received a limited-duty medical excusal for a week due to an ingrown toenail. ABCMR Record at 12-13. On April 3, Plaintiff once again was placed on a no-running profile with a knee injury. Id. at 13. Although he was found fit for duty two weeks later, he subsequently failed the May 5 CPFT, this time falling short in both the push-ups and running portions of the test. Id. Because of an ingrown toenail, he could not take the retests scheduled between late May and mid-September 2000. Compl., ¶ 25. On October 13, 2000, Plaintiff met with a counselor regarding his physical fitness performance. ABCMR Record at 14. He was informed that he would be recommended for separation once again should he fail the retests. Id. He took the CPFT in October 27, 2000, and did not pass either the push-ups or

2

running portion. Id. In response, the Army initiated disenrollment proceedings. Compl., ¶ 27. In January 2001, Plaintiff was examined for lower back pain and once again given a limited medical excusal. ABCMR Record at 15.

In April 2001, Plaintiff was disenrolled from the Academy. Compl., ¶ 31. His separation from the Army was finalized two years later, on April 28, 2003, when he was honorably discharged. Id., ¶6; ABCMR Record at 16. After Plaintiff left the Academy, the Army determined that he owed the government $137,630 for his failure to fulfill his contractual obligations. Compl., ¶ 37. Plaintiff has thus far repaid $6,000 through wage and federal income tax garnishment. Id., ¶ 39. Plaintiff subsequently requested that the ABCMR correct his records to show that he did not owe this debt to the government. Id., ¶ 40. On July 26, 2007, the ABCMR denied his petition. See ABCMR Record. This decision is what the present suit asks the Court to overturn.[1]

## II. Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). The mere existence of a factual dispute, by itself, is insufficient to bar summary judgment. Liberty Lobby, 477 U.S. at 248. To be material, the factual assertion must be capable of affecting the substantive outcome of the litigation; to be genuine, the issue must be supported by sufficient admissible evidence that a reasonable trier of fact could find for the non-moving party. Laningham v. U.S. Navy, 813 F.2d 1236, 1241 (D.C.

---

[1] In considering the parties' competing Motions, the Court has reviewed the Administrative Record, Defendant's Motion for Summary Judgment, Plaintiff's Cross-Motion and Opposition to Defendant's Summary Judgment, Defendant's Reply and Opposition to Plaintiff's Cross-Motion, and Plaintiff's Reply. As the Court does not reach the issue of voluntariness, it has not considered the supplemental briefing on this issue.

Cir. 1987); Liberty Lobby, 477 U.S. at 251-52 (holding that the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

Although styled Motions for Summary Judgment, the pleadings in this case more accurately seek the Court's review of an administrative decision. The standard set forth in Rule 56(c), therefore, does not apply because of the limited role of a court in reviewing the administrative record. See Sierra Club v. Mainella, 459 F. Supp. 2d 76, 89-90 (D.D.C. 2006) (citing National Wilderness Inst. v. United States Army Corps of Eng'rs, 2005 WL 691775, at *7 (D.D.C. 2005); Fund for Animals v. Babbitt, 903 F. Supp. 96, 105 (D.D.C. 1995), amended on other grounds, 967 F. Supp. 6 (D.D.C. 1997)). "[T]he function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." Id. (internal citations omitted). Summary judgment thus serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review. See Richards v. INS, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977), cited in Bloch v. Powell, 227 F. Supp. 2d 25, 31 (D.D.C. 2002), aff'd, 348 F.3d 1060 (D.C. Cir. 2003).

The Administrative Procedure Act "sets forth the full extent of judicial authority to review executive agency action for procedural correctness." F.C.C. v. Fox Television Stations, Inc., 129 S.Ct. 1800, 1810 (2009). It requires courts to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This is a "narrow" standard of review as courts defer to the agency's expertise. Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). An agency is required to "examine the

relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Id. (internal quotation omitted). The reviewing court "is not to substitute its judgment for that of the agency," id., and thus "may not supply a reasoned basis for the agency's action that the agency itself has not given." Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 285-86 (1974) (internal quotation omitted). Nevertheless, a decision that is not fully explained may be upheld "if the agency's path may reasonably be discerned." Id. at 286. The court should focus its review on the "administrative record already in existence, not some new record made initially in the reviewing court." See Camp v. Pitts, 411 U.S. 138, 142 (1973).

### III. Analysis

Plaintiff maintains that the ABCMR acted arbitrarily and capriciously when it affirmed the Army's decision to seek recoupment of more than $130,000 from him for failing to complete his obligations to the Army. He argues principally that the Board unlawfully ignored precedent, that it mistakenly concluded that his CPFT failures were voluntary, and that justice requires reversal of its decision. Because the Court agrees that the Board did not sufficiently distinguish its precedent, it need not at this time address the other issues.

A. Standard of Review

Before turning to a discussion of precedent, it is necessary to resolve the parties' dispute over the applicable standard of review. By statute, the Secretary of the Army "may correct any military record of [his] department when [he] considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). This review is done through the ABCMR. Federal courts review final decisions made by the ABCMR under the APA. Baker v. Dep't of Army, 1998 WL 389097, at *1 (D.C. Cir. 1998) ("The district court has jurisdiction to review the ABCMR's

5

refusal to correct military records, unless the claim is in essence one for monetary relief, which it was not in this instance."); see also Kidwell v. Dep't of the Army, Bd. for Correction of Military Records, 56 F.3d 279, 283-84 (D.C. Cir. 1995).

Considering the wide latitude granted to the Secretary by Congress, this Circuit has found that decisions by the ABCMR receive the benefit of an "unusually deferential application of the 'arbitrary or capricious' standard":

> [T]he question whether a particular action is arbitrary or capricious must turn on the extent to which the relevant statute . . . constrains agency action. While the broad grant of discretion implicated here does not entirely foreclose review of the Secretary's action, the way in which the statute frames the issue for review does substantially restrict the authority of the reviewing court to upset the Secretary's determination. It is simply more difficult to say that the Secretary has acted arbitrarily if he is authorized to act "when he considers it necessary to correct an error or remove an injustice," 10 U.S.C. § 1552(a), than it is if he is required to act whenever a court determines that certain objective conditions are met, *i.e.,* that there has been an error or injustice.

Kreis v. Sec'y of Air Force, 866 F.2d 1508, 1514 (D.C. Cir. 1989) (emphasis in original) (Kreis I). This does not mean that the ABCMR's decision cannot be reviewed by federal courts, but rather that "only the most egregious decisions may be prevented under such a deferential standard of review." Id. at 1515.

Plaintiff argues that this "unusually deferential" standard of review is inappropriate in this case because he has raised "non-frivolous claims of plain legal error involving the Army's failure to comply with statutes, regulations, and mandatory procedures." Pl. Cross-Mot. at 12. Defendant, seemingly misconstruing Plaintiff's argument, responds that the Court should apply the arbitrary and capricious standard in this case. Def. Reply at 3-5. This is indeed what Plaintiff himself has requested – that the traditional APA standard be used instead of the

6

"unusually deferential" standard established in Kreis I. Both sides thus agree that the traditional APA standard should be used.

This accords with the law in this Circuit, which differentiates between "military judgment requiring military expertise," which should be reviewed under the "unusually deferential" standard, and "review of the Board's application of a procedural regulation governing its case adjudication process," which is reviewed under the traditional arbitrary and capricious APA standard. Kreis v. Sec'y of Air Force, 406 F.3d 684, 686 (D.C. Cir. 2005) (Kreis III). As the claims here raise issues of procedural fairness, the traditional APA standard applies.

B. Precedent

Plaintiff argues that the ABCMR's decision in his case was arbitrary and capricious because the Board did not properly distinguish relevant precedent. Compl., ¶¶ 47-62. Defendant first responds that the ABCMR is not bound by precedent because it is a board of equity. Def. Mot. at 16-17. Defendant has not cited a single case in support of this novel legal argument. On the contrary, in this Circuit, "[i]t is axiomatic that '[a]n agency must treat similar cases in a similar manner unless it can provide a legitimate reason for failing to do so.'" Kreiss III, 406 F.3d at 687 (quoting Indep. Petroleum Ass'n of Am. v. Babbitt, 92 F.3d 1248, 1258 (D.C. Cir. 1996)). Indeed, a "fundamental norm of administrative procedure requires an agency to treat like cases alike," Westar Energy, Inc. v. Federal Energy Regulatory Com'n, 473 F.3d 1239, 1241 (D.C. Cir. 2007), and an agency "must provide an adequate explanation to justify treating similarly situated parties differently." Burlington Northern and Santa Fe Ry. Co. v. Surface Transp. Bd., 403 F.3d 771, 776 (D.C. Cir. 2005). This is not to say that the broad discretion afforded to the ABCMR, as discussed above, does not also grant it significant flexibility in judging the respective merits of each application for review. Nonetheless, "[l]ike a court,

'[n]ormally, an agency must adhere to its precedents in adjudicating cases before it.'" Jicarilla Apache Nation v. U.S. Dept. of Interior, 613 F.3d 1112, 1120 (D.C. Cir. 2010) (quoting Consol. Edison Co. of N.Y., Inc. v. FERC, 315 F.3d 316, 323 (D.C. Cir. 2003)).

Even if the ABCMR is not required to distinguish every similar prior decision, the need to consider relevant precedent becomes especially acute when a plaintiff has pointed to a specific prior decision as very similar to his own situation. In such cases, the Board may not simply ignore such precedent for the sake of expediency. To do so would leave open the possibility that two identical cases would be decided differently. Nothing could be more arbitrary or capricious. See Etelson v. Office of Personnel Management, 684 F.2d 918, 926 (D.C. Cir. 1982) ("Government is at its most arbitrary when it treats similarly situated people differently."); El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. Dept. of Health and Human Serv., 300 F. Supp. 2d 32, 42 (D.D.C. 2004) ("[I]f an agency treats similarly situated parties differently, its action is arbitrary and capricious in violation of the APA.") (internal citation omitted).

Here, Plaintiff points to the ABCMR's 2004 review of case AR200309457. In that case, the applicant had also struggled with the CPFT throughout his time at the Academy, and though he narrowly passed a few of the tests with the help of remedial training, he eventually failed enough of them to face separation. Administrative Record at 232-47 (ABCMR Record Case AR 2003094057). He was ultimately disenrolled a few months before graduation, and the Army moved to recoup more than $120,000 in tuition fees from him. Id. The Board there recommended correction of the applicant's record to disallow recoupment because it found that his repeated failure of the CPFT was "not due to a volitional act or misconduct." Id. at 247.

While acknowledging this prior case's existence, the Board here entirely failed to distinguish it or to justify why the outcome in this case was different. Indeed, its only response

8

to Plaintiff's reliance on the previous case was that: 1) "The ABCMR reviews each case individually and is presented before the Board based on its own merit and evidence," 2) "There are no cases that set the standards on how the Board should always vote," and 3) "The decision in ABCMR Docket Number AR200309457 . . . was not a unanimous decision to grant relief." ABCMR Record at 21-22. None of these bases, singly or in concert, is sufficient.

The first two grounds are simple conclusory statements and have no particular application to this case or the earlier one. As for the third, this is no basis to undercut the validity of the prior decision. A split decision of any appellate court is no less valid than a unanimous one. See, e.g., Paper Converting Machine Co. v. Magna-Graphics Corp., 745 F.2d 11, 26 (Fed. Cir. 1984) ("Regardless of the reasonableness of the alternative interpretation . . , we are bound by the Supreme Court's decision. No greater prerogative to modify it accrues to us from a 5-4 vote than from a unanimous decision."). In such an instance, the Court cannot uphold the Board's determination. See Kreis III 406 F.3d at 686-87 (finding that "the court must uphold the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and that it is was "arbitrary and capricious because it is . . . an unexplained departure from its precedent") (internal quotation omitted).

The Board may find on reconsideration after remand that the decision in AR200309457 is distinguishable from Plaintiff's case. Indeed, several of the arguments put forth by Defendant in his Reply may ultimately prove persuasive. Yet that is not for this Court to decide. As Plaintiff correctly points out, Defendant cannot retroactively justify the Board's decision. Pl. Reply at 8-9. Neither may this Court, even if it were convinced by Defendant's arguments, "substitute its judgment for that of the agency," Motor Vehicles, 463 U.S. at 43.

9

Given the Board's failure to distinguish precedent, the Court must decide whether "the agency's path may reasonably be discerned," Bowman, 419 U.S. at 286, based on the administrative record it created. Camp, 411 U.S. at 142. Though an agency's decision need not be "a model of analytic precision to survive a challenge," its "explanation must minimally contain a rational connection between the facts found and the choice made." Dickson v. Secretary of Defense, 68 F.3d 1396, 1404 (D.C. Cir. 1995). This is certainly not a case in which "an agency merely parrots the language of a statute without providing an account of how it reached its results." Id. at 1405. Indeed, the Board's 23-page decision carefully considers many of the factual and legal issues at play in this case. Nevertheless, it is "impossible to discern the Board's 'path'" on this point, id., where it has not indicated why it chose to deny Plaintiff's request, but grant the one in AR200309457. As the Dickson Court so aptly put it, "To conduct even a limited review, we must be made privy to the Board's reasoning." Id. at 1406 n 17. This case is, accordingly, remanded to the Board so that it may consider the applicability of case AR200309457 in reaching its decision here. See, e.g., Kendall v. Army Bd. for Correction of Military Records, 996 F.2d 362 (D.C. Cir. 1993) (remanding case to District Court to remand to ABCMR to reconsider its interest of justice determination).

A separate Order consistent with this Opinion will be issued on this day.

**SO ORDERED**.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 13, 2011